VANZANDT *v.* TOWN OF BRAXTON.

(Division A. June 14, 1943.)

[14 So. (2d) 222. No. 35377.]

Hilton & Kendall, of Jackson, for appellant.

868

James B. Sykes and Frank T. Williams, both of Mendenhall, for appellee.

**Roberds, J.**, delivered the opinion of the court.

The municipality of Braxton, Mississippi, through its mayor and aldermen, sued, and obtained a personal decree against, Homer Vanzandt for $157.99 for unpaid, separate school district taxes on the property of Vanzandt located within the school district. Vanzandt appeals.

A number of questions are raised on the appeal, but it is necessary that we dispose of only two of them. They are: (1) Whether the municipality has the right to maintain this suit in its own name; and (2) whether the owner is personally liable for unpaid, separate school district taxes against his lands located within the district.

On the first question, the authority to levy the school tax is in the mayor and aldermen, or other governing body of the municipality, on all the property within the district whether located within or without the municipal corporate limits. The taxes are collected for all school purposes, including bond issues, by the tax collector of the municipality, except that the municipality, by resolution upon its minutes, may authorize and empower the county tax collector to collect the tax on the property within the school district lying without the municipal corporate limits. Section 6662, Code of 1930, amended by Chap. 260, Laws 1934. The municipal tax collector collects the taxes in the same manner and under the same penalties as state and county taxes are collected. Section 2584, Code of 1930. The tax money is paid to the municipality for the benefit of the school district. Sections 6657, 6731, Code of 1930, and Section 6662, as amended in 1934. The trustees of the school district are given ample powers to regulate and conduct the schools, hire the teachers and fix their salaries, to make reports of expenses and recommend budgets to the municipality, but are given no powers to levy or collect taxes or issue warrants paying out the funds of the district. Section 6665, Code of 1930.

Appellant cites and relies on Stevens v. City of Brookhaven, 5 Cir., 64 F. (2d) 659, which was an action to hold the municipality liable for the debt of the school district for money borrowed by the trustees of the district and used exclusively by the district, none being used for municipal purposes. The court held the municipality not liable. While it is true in that case the court referred to the school district as a "separate legal entity" from the municipality, in determining the liability for that debt,

it does not follow therefrom that the municipality has no power to collect the taxes or institute proceedings or procure personal judgments therefor. On the contrary, it is said in that case: "Under the statutes of Mississippi a separate school district which includes a municipality is created by the municipal authorities, its taxes are levied and collected by them and its funds including those arising from county school moneys are put in the hands of the city treasurer or depository."

The municipality had the right to bring this suit on behalf of the district.

On the second question, no personal liability existed at common law on the part of the owner for unpaid taxes against his property. Whatever liability now exists in this state must be found in Section 3122, Code of 1930, reading: "Every lawful tax assessed, levied or imposed by the state, or by a county, municipality, or levee board, whether ad valorem, privilege, excise, income, or inheritance, is a debt due by the person or corporation owning the property or carrying on the business or profession upon which the tax is levied or imposed, whether properly assessed or not, or by the person liable for the income, inheritance or excise tax, and may be recovered by action; and in all actions for the recovery of ad valorem taxes the assessment roll shall only be prima facie correct."

This statute creates a new liability and a new remedy. Delta & Pine Land Co. v. Adams, 93 Miss. 340, 48 So. 190. Except for that statute only the property on which the tax is imposed is liable for the tax. Other statutes provide for collecting the tax by sale of the specific property against which the levy is made. Section 3122 creates a means by which property of the owner, other than the property against which the levy is made, may be seized and sold. Under these circumstances the statute should be construed favorably to the taxpayer. The statute does not expressly include the tax here involved. It is urged, however, that it does include taxes levied or imposed by

municipalities. We think the word "municipality" in the statute means that the tax is for municipal purposes—not merely the right and power, as in the case at bar, of the municipality to levy and collect the tax for the benefit of the school district. The tax here is not a municipal but a school tax. It is used exclusively for school purposes. It will be noted the statute, by its wording, includes taxes assessed "by a county," and the supervisors of the county, under some of the drainage district schemes in this state, levy such tax, Sections 4397, 4398, Code of 1930, but that did not bring drainage district taxes within the terms of the statute. Nickey et al. v. State ex rel., 167 Miss. 650, 145 So. 630, 146 So. 859, 147 So. 324. Again, Section 3122 was in existence (Section 3747, Ann. Code of 1892) long before separate school districts were authorized by Chapter 283, Laws of 1924. The statute has been amended from time to time to include new taxes as they have come into existence. For instance, after this court, in Enochs v. State ex rel., 128 Miss. 361, 91 So. 20, held that the statute did not include inheritance tax, the statute was amended so as to expressly include such tax. However, it has not been amended so as to include separate school district taxes. It does not impose personal liability for such taxes either by express words or necessary implication.

Reversed, and judgment here for appellant.