### Charles McLaran *v*. R. Moore & Co.

TAXES. *Purchase of land within period for redemption. Purchaser's lien for reimbursement. Sect. 1718, Code of 1880.*

Where land, held by the State for taxes legally due thereon, was purchased (under the Code of 1871) from the auditor of public accounts within the period allowed the original owner for the redemption thereof, the purchaser, who got no title, has, under sects. 1718, Code of 1871, and 536, Code of 1880, a lien upon the land for the money paid out in his purchase and for the taxes of subsequent years, and for damages and costs, except, that if the original owner, in such case, made application to the auditor, within the period allowed him for redemption, to pay the taxes due on the land, the purchaser's right to reimbursement must be restricted to the amount which the owner would have been required to pay in redeeming the land, with interest thereon, at six per cent per annum.

APPEAL from the Chancery Court of Monroe County.

Hon. LAFAYETTE HAUGHTON, Chancellor.

A statement of the case will be found in the opinion of the court.

*W. T. Houston* and *Q. O. Eckford*, for the appellant.

The facts in this case are very similar to those in *Cogburn* v. *Hunt*, 54 Miss. 675; 56 Miss. 722, and 57 Miss. 682. It was held in that case, as reported in 56 Miss. 722, that a sale by the State, through its auditor, is a tax-sale within the meaning of sect. 1718 of the Code of 1871. Cogburn had purchased from one McGinty, who had purchased from the auditor before the expiration of the two years within which the owner was allowed to redeem, and, yet, the court held that.

Cogburn was entitled to enforce the lien given by sect. 1718, in 57 Miss. 682, more than a year after the rendition of the opinion in *Caruthers* v. *McLaran*, reported in 56 Miss. 372 (the case that counsel refers to, as a sequel to this case), holding that there was two years allowed for redemption of land sold for taxes. In *Cogburn* v. *Hunt*, above mentioned, the sale to the State was void for ambiguity in description of land, and there was, in fact, no sale to the State. In the case at bar the tax-collector failed to attach to the list of lands sold to the State, March 1, 1875, a proper certificate, though in all other respects the law was complied with. We submit that the point made by counsel, though ingenious, is but technical, and that the demurrer should have been overruled by the court below. The cases of *Cogburn* v. *Hunt*, to which we have referred, and the case of *Mayor* v. *Peebles*, 58 Miss. 628, intimate, if they do not positively decide, that the appellant is entitled to relief under sect 1718. In these cases the court held that by the enactment of sects. 1718 and 1719 of the Code of 1871, the intention of the Legislature was evidently that no conceivable case should arise in which the purchaser should loose both the land and his money. By the decision of this court in the case referred to above of *Caruthers* v. *McLaran*, 56 Miss. 372, the land was lost to the appellant. As the taxes were due upon the lands when they were sold to the State by the sheriff of Monroe County, and as they were liable to be sold for taxes, most certainly appellant has no relief under sect. 1719 of the Code of 1871. Appellant has never paid the taxes to the State for which they were sold in March, 1875. Appellant paid the State the amount it claimed upon the lands for the State's title. Appellee has never refunded the amount, though demanded from him, but still holds the land, defying the claim of appellant. Upon these facts, in the name of reason and justice, is not appellant entitled to relief as prayed for in his bill? Counsel contend, however, that McLaran's purchase from the auditor was simply a payment of appellee's taxes. Appellant's pur-

chase was in no sense a payment of appellee's taxes — it can not; therefore, be assimilated to the case of *Ingersoll* v. *Jeffords*, 55 Miss. 38, relied upon by counsel. It was no payment, but a purchase of the State's right to hold the land, or have the money refunded. The purchase was made on the faith of our Legislature, and under the belief that the time for redemption had expired — a belief shared by the State, who, by its authorized officer, the auditor, executed a deed to the land. A payment, in order to be a voluntary payment, must be intentionally made as a payment, — intended to extinguish the liability of the debtor,— whereas, this was a purchase intended to operate under sect. 1718 of the Code of 1871, as well as the other laws of the State upon the subject. Counsel admits that if appellant had purchased the land at the sheriff's sale, that his remedy under sect. 1718 would be full, adequate, and competent, but take the extraordinary position, to us, that as appellant purchased from the auditor and the auditor's deed conveyed no title on account of his having sold before time of redemption expired, that to appellant no relief can be granted under sect. 1718. As this court may agree with counsel in their proposition (though we do not see how it is possible for them to do so), we respectfully ask a review by them of the case of *Caruthers* v. *McLaran*, as to the time allowed appellant for redemption. We submit that the question, as far as this case is concerned, is not *res adjudicata.* If the court should hold that appellee had only one year in which to redeem, as we firmly believe he did, then the position taken by counsel will not arise. In support of this we refer to Ashm. of 1875, p. 17 ; Ashm. of 1876 pp. 48, 49.

*Murphy, Sykes & Bristow*, for the appellees.

In order to fasten the lien provided by sect. 1718, Code of 1871, on land, the complainant in the proceeding to enforce the lien must show, (1) that there was a " sale " of the land " for taxes ; " (2) that the taxes for which the land was sold were " due ; " (3) that the land was then " liable " to be sold for taxes. We submit in this case that each one of these pre-

requisites is not only not shown to exist, but is distinctly negatived.

1. There was no " sale for taxes." In the outset we beg to remind the court that the sale by the tax-collector on March 1, 1875, can have no bearing whatever on the present case. If complainant had purchased at that sale, and from any cause had failed to get a title, he could have maintained his suit to enforce his statutory lien. But at that sale the lands were purchased by the State, and the taxes then due thereby paid and satisfied to the tax-collector. The State then by law added certain percentages to the original amount of the taxes, which the owner had two years to pay. *McLaran* v. *Caruthers*, 56 Miss. 371. During this period no sale could be made to any outsider. The land was not subject to sale. The sale, then, by the auditor of public accounts, of October 21, 1876, was not merely irregular, it was utterly void. There was no sale, and the execution of the deed of that date was merely the unauthorized individual act of the auditor.

2. On the 21st of October, 1876, the taxes and damages, which McLaran paid, were not due to the State from Moore. They were, it is true, payable to the sheriff after October 1st and up to March 1st, but they were not due in the sense that the lands became delinquent until March 1st, 1877. In other words, Moore had, up to March 1st, to pay the taxes and damages and redeem the land. *McLaran* v. *Caruthers*, 56 Miss. 371.

3. On October 21, 1876, the lands were not " liable to be sold for taxes." During the period allowed by law for redemption by the owner, the lands were as much and as fully exempt from liability to sale to third parties as a church, school-house, or cemetery ; and if such a sale is made no lien attaches. *Cogburn* v. *Hunt*, 56 Miss. 724. During two years the State holds the land subject alone to the right of the owner to redeem, and is expressly prohibited from selling to any other person. Code 1871, sect. 1709.

The true rule as to the application of sect. 1718 of the

Code of 1871 is thus stated by this court in *Eayer* v. *Peebles*, 58 Miss. 633 : " Wherever there has been an attempt by the agents of the State to subject the land to taxation to which it might have been subjected, and for which it might have been sold, and if in such proceeding there has been a sale for such taxes imposed or attempted to be imposed, insufficient to confer title because of the omission on the part of some agent to do a thing required by law, in the manner or at the time required, and the owner has not redeemed within the time prescribed by law, the lien provided for by section 1718 arises for the protection of the purchaser. If the taxes attempted to be collected are themselves illegal, and not merely irregularly levied, the lien would not be conferred for their repayment; but where the objection is merely to the manner in which the powers conferred have been exercised, the lien exists."

The court will perceive the hardship attempted to be inflicted on the defendant. He has not been put in the wrong. He has not been delinquent as far as redeeming from the State is concerned. He has been debarred, by the unauthorized act of the auditor of public accounts, from redeeming the land by paying the amount of taxes, costs, and charges of sale, and fifty per cent damages, subsequent taxes accrued, and five per cent on the whole amount. Code 1871, sect. 1701. And yet without legal default on his part he is sought to be made liable to all the above, with the addition of costs of conveyance to McLaran and registration, ten per cent interest on the whole amount, and the costs of this suit.

As regards the complainant, McLaran, we think he clearly has his remedy against the State and county under sect. 1719 of Code of 1871. But even if he has not, it can make no difference. The payment by him of the money to the auditor on October 21, 1876, can be considered in no other light than that of a voluntary and unauthorized payment of taxes on land by one who has no connection with, or interest in, or claim upon this land. In such case he can neither acquire a lien nor an enforceable claim against the owner. *Ingersoll*

v. *Jeffords*, 55 Miss. 38.   It is exactly the same as if McLaran had paid Moore's taxes to the sheriff, without his request, before the 15th of December.

Cooper, J., delivered the opinion of the court.

On the first day of March, 1875, the land of the appellees was sold for taxes and purchased by the State.   In October, 1876, complainant applied to the auditor to purchase the land, and received from him a conveyance thereof.   Upon this deed he instituted an action of ejectment against the tenants of the appellees, but failed to maintain it for the reason that owners of the land had, by the revenue act, under which the land was sold, two years within which to redeem from the tax-sale. *McLaran v. Caruthers*, 56 Miss. 371.

Having failed in the action of ejectment, the complainant exhibited this bill in the Chancery Court of Monroe County, to subject the land to the payment of the taxes paid by him in his purchase of the lands, — those paid for subsequent years, — and damages and costs, under sect. 1718 of the Code of 1871.

The appellees demurred to the bill, and from a decree sustaining the demurrer and dismissing the bill this appeal is prosecuted.   The demurrer presents five special causes, but in this court argument is made only in support of one of the grounds, the fourth, which is, that " at the time of the purchase of the lands in the bill mentioned, by complainant, the same were not liable to be sold for taxes, and complainant, by his purchase, or pretended purchase thereof, and payment of money therefor, acquired no right to demand the same from defendants, with costs and damages, and no lien on or against the land."

The proposition of the appellees is, that the complainant, by purchasing the land before the expiration of the period allowed by law for redemption, acquired no right against it ; but that the purchase-money paid by him is to be treated as a voluntary payment of the taxes to the State.   The complainant, on the other hand, claims to be a purchaser at a sale of the

land for taxes, and as such entitled to the statutory lien created by sect. 1718 of the Code.

This section has been heretofore considered by the court in the cases of *Cogburn* v. *Hunt,* 56 Miss. 722; 57 Miss. 683, and *Mayer* v. *Peebles,* 58 Miss. 628.

In *Mayer* v. *Peebles,* the purchase was made at the sale for taxes by the collector. In *Cogburn* v. *Hunt,* the land was struck off to the State and purchased by the complainant therein from the auditor. It is said by counsel for appellee that there the sale was made before the expiration of the period for redemption. We have not examined the record of that cause to discover how this may be, the point was not made by counsel in the case, and was not considered or decided by the court. It was, however, then decided, that a purchaser from the auditor, of lands sold to the State for taxes, was a purchaser at a tax-sale within the meaning of sect. 1718.

The question now to be considered is, whether one purchasing from the State, before the expiration of the time allowed for redemption by the owner, is entitled to the statutory lien.

It is said by counsel for the appellant, that the State, by its purchase of the land, discharged the taxes due; that the sale was a satisfaction of the taxes, and thereafter the State was owner of the land, subject, for a limited time, to redemption by the former owner; that it could not at one and the same time occupy the positions of owner of the land and creditor for the taxes due on it, and, therefore, that sales by the auditor are not sales for taxes. As to all sales which have occurred since the adoption of the Code of 1880, it must be a sufficient answer to say that the Legislature, by carrying forward sect. 1718 of the Code of 1871 into the Code of 1880, after the decision of *Cogburn* v. *Hunt,* intended to adopt it as construed in that case. But aside from this we are satisfied with the construction therein given to the statute.

It is true, that by its purchase, the State becomes owner of the land, and the taxes before due are discharged as a demand against the former owner. After the sale, and during the period

allowed for redemption, the State has an inchoate title to the land, which may or may not ripen into a perfect one; but the sale being made, the personal liability of the owner is discharged and thereafter only the land is debtor for its taxes.

Throughout the whole proceeding, from the assessment of the land as the preliminary step to charge it with taxes, to its ultimate return, by a sale through the auditor, to the class of tax-bearing property, the State occupies the attitude of a tax-gatherer, and no step is taken that has not for its object the collection of taxes as revenue. In all proceedings up to, and including the sale by the collector, the State, by its agents, is actor; after the sale it reposes upon the advantage thereby acquired and awaits action on the part of others — action on the part of the owner wishing to redeem, or action on the part of a purchaser desiring to buy. To an application from the owner in his season, or by a person applying to buy after the expiration of the period of redemption, it responds by a demand for the taxes due and unpaid, upon payment of which it relinquishes or conveys its title to the land. It conveys for no other consideration, it demands no other price. Sales for taxes under our revenue laws are of two classes: one made by the collectors in the several counties for the taxes of a single year; the effect of this is to divest the title of the delinquent tax-payer; the other, made by the auditor, for all unpaid taxes, whether they be due for one or many years, and its effect is to divest the title of the State. A purchaser under either is purchaser at a sale for taxes, and failing to procure title is protected by the provisions of sect. 1718, Code of 1871. Code 1880, sect. 436.

But it is said, that at the date of the purchase by the complainant the period for redemption had not expired, and there was no authority in the auditor to sell.

This is true, and because of want of power no title to the land passed by the conveyance, and for this reason complainant failed to recover the land in ejectment. But title or a valid conveyance is not necessary to the enforcement of the statut-

ory lien. On the contrary, if a valid conveyance could be shown, it would be fatal to complainant's bill, for no man may enforce a lien upon his own lands. There cannot be degrees of voidness, and one void title is necessarily as ineffectual as another. A sale by the collector under a void assessment, or for taxes levied at the wrong time or place, or a sale made at a wrong time, would all be void ; but neither a valid assessment, levy, nor sale are necessary to support the claim to the lien conferred by sect. 1718, as has been distinctly declared in the cases heretofore cited.

From the facts stated in the bill and admitted by the demurrer, it appears that the land was liable to taxation ; that an attempt was made to tax it ; that the taxes have not been paid by the owner, nor the land redeemed within the time limited by law, and that complainant claims by virtue of a sale for said taxes, made by an agent of the State, but not at a time authorized by law nor in conformity with the provisions of law.

As was declared in the case of *Cogburn* v. *Hunt*, 56 Miss. 722 the object of the statute was " that no conceivable case should arise in which the purchaser should lose both the land and the money," or, in other words, that no tax-payer shall retain his property intact, and refuse to contribute his proportion to the public burden. In *Green* v. *Williams*, 58 Miss. —, relief was refused to a purchaser under similar circumstances as appear in this case, not because, as was there said, he would not have been entitled to it under sect. 1718, but because at the date of the purchase by him this section was not in force. Though this section is a wise and just provision, and ought to be liberally construed in furtherance of its policy, there may be occasions where one claiming its benefits would be restrained from asserting a demand for the damages therein provided. If in a case like this, or when a collector sold the land before the day fixed by law for sale, it should be made to appear that the owner, within the time allowed for redemption, or before the day when sales might be lawfully made, applied to the auditor or to the collector for permission to redeem the land or pay the

taxes, it must be but equitable to restrict the recovery of the purchaser to the sum actually expended for the benefit of the owner, and which he would have been required to pay with interest thereon at six per cent per annum. In such cases the rule ought to be compensation only. We do not know what the facts of this case are in that respect, but we express the view which its circumstances have suggested to us for the guidance of the parties in the event such facts are shown in the further progress of the case,

The decree is reversed, the demurrer overruled, and leave given the defendants to answer within thirty days after the mandate shall have been filed in the court below.