WILLIAM W. AVERA v. DANIEL R. WILLIAMS.

1. TRESPASS TO PROPERTY. *Punitive damages. Claim of ownership by defendant.*

A defendant is liable in trespass for punitive damages when, having no interest in a building in the possession of and belonging to the plaintiff, he tore the same down in plaintiff's absence and without consulting him, although defendant claimed an undivided interest in the house.

2. HOMESTEAD. *Husband's deed. Color of title. Code 1892, § 1983.*

A deed from a husband to his homestead, although void (Code 1892, § 1983) for want of the wife's joinder therein, is good against third parties as color of title to sustain a claim by adverse possession.

3. PLEADING. *Nonjoinder of a plaintiff. Code 1892, § 664.*

The nonjoinder of a proper plaintiff in a suit at law cannot be availed of by the defendant, under Code 1892, § 664, in the absence of a written notice of the objection filed with his plea.

FROM the circuit court of Greene county.

HON. JAMES H. NEVILLE, Judge.

Williams, appellee, was plaintiff, and Avera, appellant, defendant in the court below. The action was trespass for tear-

ing down and removing a house which was found by the jury to have been of the value of $300. A verdict was rendered for $500 in plaintiff's favor, and from a judgment for the last named sum defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*T. A. Wood* and *J. E. Alderman*, for appellant.

Sam Avera's deed to Lawrence Avera was void because his wife refused to sign same. Lawrence Avera's deed to Molar was, for the same reason, void. Code of 1892, § 983; *McKenzie* v. *Shows*, 70 Miss., 388.

It was a question for the court to decide as to whether or not plaintiff had title, and a question for the jury to decide as to whether or not the plaintiff had possession, and as to whether or not James Williams was the agent and tenant of Avera or Williams, plaintiff. But the court submitted the question to the jury as to the construction of title, and assumed in instruction No. 8, given for plaintiff, that James Williams was the tenant of the plaintiff Williams. This was a controverted fact, and should not have been assumed by the court.

Instruction No. 9 granted to plaintiff was in effect a peremptory instruction. The jury was told in said instruction that defendant had no right to tear down and remove the house. This was not an abstract question as to whether or not Avera had a right to tear down the house, but a relative question as to rights. It was a question as to whether or not plaintiff Williams was the owner and possessor of this property at the time of the act complained of. And especially is this instruction wrong when considered with reference to other instructions given, submitting to the jury the fact as to whether or not the plaintiff Williams was in possession of the property at the time the injury complained of was done. This is an action of trespass *quare clausum fregit* to which is filed only the plea of not guilty. This put in issue the possession and title to the

property in question. *Alliance Trust Co.* v. *Nettleton Hard-wood Co.*, 74 Miss., 584.

*Ford & White* and *Green & Green*, for appellee.

We think the record will justify the statement, that not a single proposition of law can be advanced to support the right of appellant to do what he did, nor is there a single fact from which even an inference of good faith in committing the trespass can be drawn. Unless some purely technical rule can be advanced to justify an act lacking no element of the highwayman's methods, then this exceedingly reasonable judgment must stand. The proof is without conflict as to the plaintiff's claim, or title, to the land on which the building stood.

It is a matter of no concern in this case whether these several deeds under which Williams claims are legally perfect or not. The jury found on evidence that admitted of no other conclusion that plaintiff was in possession through his tenant, Jim Williams, and his title, whether legally perfect or not, certainly comes up to every corner of the rules as to color of title. That ten years' possession would cut out Sam Avera's claim, and that the separate conveyance of Lawrence A. Avera and his wife, whether legally perfect or not, will forever estop either, or both, of them from claiming this land are questions that require no argument. So, we maintain that the concurrence of appellee's possession and claim of ownership was all that he was required to prove in order to maintain this suit. *Gathings* v. *Miller*, 76 Miss., 654; *Darrill* v. *Dodds*, 78 Miss., 912.

Section 664 of the code provides that the nonjoinder of a party plaintiff shall not be objected to by the defendant, unless he shall give notice with his plea, stating the names of the parties alleged to have been omitted, etc. This section, or a similar one in prior codes, has been construed by this court in the cases of *Stauffer* v. *Garrison*, 61 Miss., 67; *Walker* v. *Hall*, 66 Miss., 390, and *Darrill* v. *Dodds*, 78 Miss., 912, and in each of these cases the court held that it was imperative that

the notice be given or the defendant could not object to the plaintiff's right to recover.

The present cases illustrate both the wisdom and fairness of this rule. Here was a man in possession under a deed conveying the whole title to him, and he had a right to assume that he had the sole and exclusive cause of action. The defendant does not pretend in advance of the trial, nor seek on the trial, to give notice that he would attempt to prove an outstanding title to an interest in Banks, but attempts to slip up on the plaintiff with proof of an unrecorded, lost or destroyed, deed, to defeat his right to recover for the entire trespass. The case of *Darrill* v. *Dodds, supra,* presented this very question, and the court held that the defense of nonjoinder was waived by a failure to plead it in advance of the trial.

Suppose defendant had been a real, *bona fide* tenant in common with Williams of property exclusively in the possession of Williams, as the jury has found, would he have had the legal right to destroy the common property? It is settled law that one tenant in common cannot maintain replevin, or any other possessory action for the possession of the common property against his co-tenant, and it would indeed be a peculiar rule which should declare that a man can procure by force and fraud what he could not obtain by law. If no legal right was given to Avera to take the whole building, as he did, under a claim to only a part, upon what reason can he defend a claim for the value of the building against the possessor. We therefore insist that if one tenant in common, in violation of the right and interest of his co-tenant who is in possession, enters upon the premises and wantonly destroys the common property, that the tenant in possession has a legal right to a verdict for the whole damage, so as to restore his possession to its proper status. That punitive damages can be recovered in an action of this sort is certainly settled. *Telephone Co.* v. *Cassedy,* 78 Miss., 666.

CALHOON, J., delivered the opinion of the court.

On September 11, 1901, appellee filed his declaration in trespass, charging that appellant forcibly and maliciously tore down and removed a storehouse of plaintiff from land of which he was the owner, in actual possession, and removed the same to, land belonging to defendant, and converted it to his own use. The case went to trial on the plea of not guilty—the only' plea filed in the case—and Williams recovered damages, both actual and exemplary. From Avera's own statement as a witness in his own behalf, his act was a grave trespass, in contempt of law; and if Williams was entitled to any recovery, punitive damages were a matter of course, and the assessment by the jury very lenient indeed.

Several persons bearing the name of Avera appear in this record, but the appellant, W. W. Avera, is not in privity of estate with any of them, except upon a claim of his to be hereafter noticed. Formerly one Samuel W. Avera was the owner of the land on which the storehouse was subsequently erected, and erected by him—so he says ; the same being a part of a tract he occupied as his family homestead. On August 1, 1891—more than ten years before these proceedings—he conveyed to one Lawrence A. Avera, but his wife did not join in the conveyance. This conveyance was therefore void, but nevertheless was available as color of title to a claim of bar by the statute of limitations on adverse possession, and good as against strangers. It is, besides, distinctly shown in this record that Samuel W. Avera and his wife have never set up any claim since the deed was made, and urge none now, but repudiate any interest in it. They moved to another place, and acquired at once another homestead, on which they now live. The grantee, Lawrence A. Avera, with his wife, took possession and occupied the land as a homestead ; and so Lawrence, to say the least of it, was in under color of title. While so in possession the house which is the subject of this trespass was used as a country store. On December 8, 1896, this

Lawrence A. Avera conveyed the land to Elisha Mohler, the father of his wife, Carrie L. Avera; but Carrie L. did not join her husband in that conveyance, and so it was void, but still was color of title, and good as against strangers. Mr. Mohler subsequently conveyed the land to his daughter, Carrie L. Avera, and she on January 4, 1901, conveyed it to appellee, D. R. Williams, who was in possession under this title, whether it be good or bad, when the trespass was committed. Of course, in order to relieve himself of the uncomfortable posture of a mere stranger, appellant had to connect himself in some way with the title. In this effort he shows by Lawrence A. Avera that he, Lawrence A., and one Banks built the storehouse, and commenced and carried on in it a mercantile business under the firm name of Avera & Banks, and that he made a deed, for the recited consideration of $1, to the firm of Avera & Banks, which was never recorded, but which he kept in the firm safe, and which has "become misplaced," and cannot be found on search, conveying a little plot on which the storehouse stood. He says he "showed" this deed to Banks, and "he expressed himself satisfied." It must be recalled here—what has been said before—that he subsequently conveyed the whole tract to Mohler without reservation, and Mohler afterwards conveyed it to his daughter, the wife of the witness, who conveyed it to appellee, Williams, which sale to Williams this witness says he negotiated. This witness also testifies that Banks sold his interest in the mercantile business to Mrs. Kountz, and that, by divers transactions, appellant, W. W. Avera, became the owner of a twenty-one-thirty-sixth interest in that business, which had ceased to be carried on before appellee, Williams, bought the land. Appellant, as a witness in his own behalf, produces two bills of sale to interests in the partnership business (not land), and unrecorded, and undertakes to show that he had a twenty-one-thirty-sixth interest in the house because of the matters above described. It appears that the witness, while Mr. Williams was absent as

a, juror at the county town, deliberately went to the house with workmen, went in at the back door (the front being locked), tore it down, took it bodily to his own land, and erected it there, without even consulting Williams on the subject. He says he did not care whether Mr. Williams was there or not ; his purpose being to take the house, and leave Williams the land. Even if appellant owned a twenty-one-thirty-sixth interest, such removal and appropriation of the house made him liable. 17 Am. & Eng. Ency. of Law, 700, and note 5. Even if Mr. Banks had any interest in the storehouse and lot in virtue of the deed made and put in the safe as above set forth, his nonjoinder could not be availed of in the absence of written notice filed with the plea. Code, § 664.

*Affirmed.*

TERRALL, J., took no part in this decision.