## PEASE & DWYER CO. *v.* SOMERS PLANTING CO.

### [93 South. 673, No. 22774.]

1. SALES. *Warranty of quality available to purchaser only, and not sub-purchaser.*

   The sale of personal property with warranty of quality by the seller is addressed to and for the benefit of the purchaser alone, and therefore cannot be taken advantage of by a subpurchaser.

2. SALES. *Retail dealer's customer could not sue wholesale dealer on warranty of quality.*

   Where a wholesale dealer in stock feedstuffs sold to a retail dealer therein a carload of hay, warranting it to be No. 2 alfalfa hay, sound and fit for stock feed, and such retailer sold it to his customer, who fed it to his mules, which were killed as the result of said hay being rotten and poisonous, under the principle above referred to there is no liability on the part of such wholesaler on his warranty to the subpurchaser for the loss of the latter's mules.

3. PARTNERSHIP. *Two firms with two partners in common, and with a partner in one not common to both firms, are distinct partnerships.*

   Although two partnerships have two partners in common, still, if there be a partner in one not common to both firms, they are two separate and distinct partnerships, and as such neither is liable for the obligations of the other.

4. APPEAL AND ERROR. *Defendant may question legal sufficiency of bill though question not raised below.*

   A defendant in a bill in equity which states no cause of action, who answers such bill without testing its legal sufficiency by demurrer, may nevertheless, on appeal, for the first time raise the question of its legal sufficiency.

APPEAL from chancery court of Coahoma county.

HON. G. E. WILLIAMS, Chancellor.

Suit by the Somers Planting Company against the Pease & Dwyer Company and others. Decree for plaintiff, and named defendant appeals. Reversed, and judgment rendered dismissing bill.

No brief found in the record for appellee.

*Franklin & McGehee,* for appellant.

Replying briefly to the brief filed in behalf of the appellee we most respectfully submit that this is not a case of the breach of an express warranty in the sale of the hay in question. There was no contract whatsoever between the appellant and appellee. The appellant, Pease & Dwyer Company, sold the hay in question to the J. E. Somers & Company, a partnership composed of three individuals, and doing business in Coahoma county, Mississippi. The appellee, Somers Planting Company composed of only two individuals, is an entirely different partnership, and is engaged in a plantation business, in Sunflower county, Mississippi. There was no privity of contract between the appellant and the appellee in the transaction, and the proposition does not admit of argument that the appellant could not be liable to a customer of its vendee, J. E. Somers & Company, on any alleged expressed warranty that may have been made by the appellant to said vendee.

It is urged by counsel for appellee that the appellant is precluded from trying the case on one issue in the court below and on another issue in the court here. Replying to this position of counsel, we submit, most respectfully, that the appellee sued the appellant in an action of tort and the case was tried in the court below on the alleged negligence of the appellant in that it did in total disregard of its duty, either negligently or wilfully, and without due care, shipped unwholesome hay, etc," and no contention was made that there was privity of contract between the appellant and the appellee, and no express warranty was alleged in the bill of complaint or sued on in the case. Yet, on appeal, we find the appellee basing his right of recovery solely on the alleged breach of a contract of express warranty. Had the appellant been sued on contract for breach of warranty, either express or implied, we agree, with counsel that our defense should have been set up by demurrer. If on express warranty, we

could have successfully interposed our demurrer on
the ground that the pleadings disclose that the appel-
lant sold the hay in question to the J. E. Somers & Com-
pany, an entirely different concern than appellee, and that
the appellant had not contracted with the appellee at all.
If the suit had been on an implied warranty of soundness,
we concede that we should have demurred to the bill on
the ground that as a matter of law there is no implied war-
ranty in case of food for the consumption of animals. But
the suit being one in tort, and not on contract, the allega-
tions were sufficient, if sustained by the proof, to state a
case against the appellant. This being considered the na-
ture of the suit, we did not see any grounds of demurrer,
but filed our answer denying the allegations of the bill.
Our contention on the trial in the court below was and is
now that the proof wholly failed to show that the appellant
failed to use due and ordinary care in regard to the ship-
ment of hay in question, or that the defendant negligent-
ly or wilfully or knowingly shipped unwholesome hay to
appellee. Our discussion of the question of there being no
liability on an implied warranty, contained in our orig-
inal brief, was merely for the purpose of making clear our
position that there is no liability on any possible theory
in the case at bar; first, by showing that the law recog-
nized no implied warranty in the sale of food for live stock
as decided by this court in the *Dunagin-Whitaker* v. *Mont-
gomery case,* 78 So. 580, and the case of *Dulaney et al.* v.
*Jones & Rogers,* 57 So. 225; and second, that there was no
liability on the theory of negligence, because in the *Dun-
agin-Whitaker* v. *Montgomery case, supra,* our court held
that the only hypothesis on which a recovery could be had
in tort was that the seller knowingly sold poisoned feed.
We did not discuss the question of whether there was lia-
bility on an express warranty in the case at bar, in submit-
ting our original brief, because we had no information un-
til we received and read appellee's brief in reply to ours
that recovery was sought on a breach of an express war-

ranty, and because both the pleadings and the evidence showed that the appellant did not sell the hay in question to the appellee. And we now respectfully submit that had the appellant made an express warranty to J. E. Somers & Company, at Clarksdale, with reference to the soundness or unsoundness of the hay sold to it, then and in such event the appellee, Somers Planting Company, an entirely different partnership at Ruleville, Mississippi, could not recover for a breach of such express warranty, not having purchased the hay from appellant.

Counsel for appellee say in their statement of facts, contained in their brief, that the Somers Hardware Company purchased the hay from appellant, but this is an oversight on their part. The Somers Hardware Company is a corporation, at Clarksdale, as disclosed by the pleadings, and as to who the stockholders are therein is not shown. This corporation was not in any manner connected with the transaction. The J. E. Somers & Company, a partnership, composed of three individuals, was the purchaser of the hay, as alleged in the pleadings and shown by the evidence, while the Somers Planting Company, the appellee, was another partnership composed of only two individuals, and merely the consignee of the hay or customer of the vendee. There is no dispute as to who was the buyer of the hay in question. The J. E. Somers & Company admits an indebtedness for the purchase price of certain hay and pleads as an off-set against the same, in its answer as garnishee in the case at bar, the price paid by it to appellant for the hay which is alleged to have caused the damage complained of in this case, claiming such off-set on the ground of a failure of consideration.

Referring to the many authorities cited by counsel on the question of liability on an express warranty, and on what facts are sufficient to constitute an express warranty, we do not take issue as to the correctness of the law announced in the authorities cited, but we merely desire to emphasize the fact that they have no application here, be-

cause if we should concede that there was an express warranty in the sale made by appellant to the J. E. Somers & Company surely the Somers Planting Company, appellee, herein, cannot sue or recover on such express warranty.

There being no liability on either an express or implied warranty under the law and the facts of this case, then the only issue to be singled out and discussed, as we see it, is whether or not the appellant committed a tort against the appellee by wilfully, negligently or knowingly selling poisoned hay and that this directly and proximately caused the damages sued for. The court held in the *Dunagin-Whitaker* v. *Montgomery case, supra,* that to render the seller liable it is necessary that he should knowingly sell poisoned feed for the purpose of being fed to animals, in the absence of an express warranty made to the owner of such animals. And this is not a case where the principle is applicable that a manufacturer of an article is liable to the ultimate consumer on the theory that he has a better opportunity to discover any defects in the article. In the case at bar the appellant was not the manufacturer but purchased the hay on the open market in bales, and not being required in the exercise of ordinary care to open and re-bale the hay, to discover its internal condition, the ultimate consumer's opportunity to discover any defective condition was much better than was the seller's and the outstanding fact in the case against the appellee is that the appellee did discover the defects upon the arrival of the hay and fed it to its livestock nevertheless. They saw, upon unloading the hay, all the evidences of a defective condition that could have been discovered by the appellant before the hay left Memphis, and in fact the record fails to disclose that there were any external evidence of a defective condition in the hay while it was in possession of the appellant. The damage was caused by the appellee's own negligence, not contributory, but sole negligence.

We appreciate the rule that this court is reluctant to

disturb a chancellor's finding on a controverted question of fact, but our contention on this appeal is not that the chancellor erred in finding from the facts that the hay was unwholesome. There is abundant evidence on that issue and it was on that question that he based his finding, as we understood his position. But that did not determine appellant's liability. This court in the *Dunigan-Whitaker case, supra,* said: "It is also clear from the record that this sack of feed was spoiled, and had become poisonous for cattle feed." And continuing said: "The judgment in this case could be sustained in this court only upon one theory, viz: that the appellant knowingly sold poisoned stock feed to the appellee for the purpose of being fed to live stock.

There was no controverted question of fact as to whether the appellant in the case at bar knowingly sold poisoned hay. There was no evidence at all in the record tending to show even by implication that the appellant knowingly sold poisoned hay. Admitting the hay to be unwholesome, as found by the chancellor, we merely ask in this case on appeal that the court say whether under the decision in the *Dunagin-Whitaker Case, supra,* there is any liability on the part of the appellant. If the testimony was in conflict as to whether the appellant sold the hay knowing it to be poisoned, and the chancellor had decided on such conflict in the evidence that there was such knowledge on the part of the appellant, we would not hope for a reversal except on the theory that after all the appellee's own negligence was the direct and proximate cause of the injury. However, inasmuch as there is no proof at all in the record as to any knowledge (or negligence), of the appellant regarding the poison condition of the hay, we most respectfully submit that the rule in the *Dunagin-Whitaker case, supra,* should be followed in the case at bar, and that, consequently, the case should be reversed, applying the principles of that case *supra,* to the effect that there was no express warranty between the parties litigant, no implied warranty under the law, and no guilty knowledge on

the part of the seller as ground of liability in an action of tort. The two cases are on a parallel as to all the issues disclosed.

ANDERSON, J., delivered the opinion of the court.

Appellee, Somers Planting Company, sued out, in the chancery court of Coahoma county, a foreign attachment against appellant, Pease & Dwyer Company, for damages suffered by appellee in the death of two of its mules, alleged to have been caused by unsound hay fed to them, which hay was purchased by J. E. Somers & Co. from appellant, and resold by the former to appellee. The attachment was sued out under section 536, Code of 1906 (Hemingway's Code, section 293). Appellant was a non-resident of the state, residing in Memphis, in the State of Tennessee, and engaged in the sale of stock feedstuffs, including alfalfa hay. Appellee, Somers Planting Company, was engaged in planting in this state. J. E. Somers & Co. was a mercantile partnership, doing business in this state. The latter, and other parties, were made resident defendants, in the nature of equitable garnishees.

The bill alleges that said resident defendants were indebted to appellant, which indebtedness the bill sought to impound and subject to the payment of appellee's said claim against appellant.

The cause was heard on bill, answer, and proof, and final decree was rendered in favor of appellee for the damages proven, resulting from the loss of its mules, and certain indebtedness admitted by the resident defendants in their answers to be due by them to appellant, amounting to largely more than the sum for which the decree was rendered, was subjected to the payment of said decree. From that decree appellant prosecutes this appeal.

The theory on which appellee based its claim against appellant was that the hay in question was sold with an express warranty of soundness and fitness for stock feed. The express warranty relied on by appellee is set out in its bill in this language:

"Complaints charge that under the terms and stipulations of the agreement the hay was to be No. 2 alfalfa hay, sound and wholesome."

Appellant contends that, even though there went with the sale of the hay an express warranty by appellant of fitness for stock feed, still, there is no liability on such warranty to appellee, because the hay in question was not sold to appellee, and that, conceding that such express warranty went to the first purchaser, still appellee, the subpurchaser, took the property unaccompanied by such warranty, and therefore had no rights thereunder; that, if appellee has any cause of action, it is against said J. E. Somers & Co., and not against appellant.

There is no controversy about the controlling facts of the case. They are stated in appellee's bill, which expressly charges that appellee, Somers Planting Company, was a partnership composed of J. E. Somers and M. J. Somers, and that said J. E. Somers & Co. was a mercantile partnership, doing business in this state, composed of said J. E. Somers and M. J. Somers, and, also, Lang Allen; that therefore each of said two firms had two partners in common, while the said J. E. Somers & Co. had one partner, Lang Allen, who was not a member of appellee's firm. It is distinctly charged in the bill that said J. E. Somers & Co. bought the carload of hay in question from appellant, with directions to appellant to ship the same to appellee, its customer, which was done; that the hay was sold under an express warranty that it was "No 2 alfalfa hay, sound and wholesome," when, in truth and in fact, it was not No. 2 alfalfa hay, sound and wholesome, but was rotten and poisonous; that appellee fed said hay to its mules, and by reason of its unsoundness it caused the death of two of them. The evidence showed that the hay in question was bought, not by appellee from appellant, but by the said J. E. Somers & Co. who resold the same to appellee.

There seems to be no division among the authorities that a warranty by the seller of the quality of personal property

sold is addressed alone to the first purchaser; that such warranty does not run with the title to the property, and subpurchasers cannot avail themselves of such warranty as against the original seller. Some of the reasons for the rule are that there is no contractual relation existing between the original seller, the warrantor, and a subpurchaser. They are unknown to each other in the transaction. The seller who warrants does so alone for the benefit of his purchaser. He receives the purchase price as the consideration for the property and the warranty going with it. The sale of an article by the purchaser to whom it is warranted does not mean that he intends to part with any right of action he may have against his seller growing out of a breach of such warranty. It is to be presumed that, when a resale is made, if the warranty has been breached, the warrantee intends to retain whatever right he may have growing out of such breach. One who purchases goods with an express warranty, of course, may assign any right of action which may have accrued to him, growing out of a breach of such warranty; but he cannot enlarge such warranty so as to make it extend to subpurchasers. Williston on Sales, section 244, p. 327; 35 Cyc., p. 370.

Appellee's attorneys contend, however, that appellee, Somers Planting Company, and the purchaser of said hay from appellant, the said J. E. Somers & Co., are one and the same concern. Appellee is precluded from making that contention because in its bill it expressly avers that said J. E. Somers & Co. is one partnership, composed of J. E. Somers, M. J. Somers, and Lang Allen, while appellee is another partnership, engaged in a different business, composed of the said J. E. Somers and M. J. Somers. It appears, therefore, that each of said firms had two partners in common, but that J. E. Somers & Co. had a partner who was not a member of appellee's firm. It seems useless to cite authorities to show that the liability of two such partnerships is entirely distinct and independent; that neither, as a partnership, is liable for the debts of the other; nor

can the firm assets of either be subjected primarily to the payment of the obligations of the other. Therefore the purchase of the hay in question by the said J. E. Somers & Co. was not a purchase by appellee.

But it is argued in behalf of appellee that this question cannot now be raised, because appellant answered appellee's bill, instead of testing the legal sufficiency thereof by demurrer; that, having failed to demur, appellant is estopped to assert that the appellee's bill stated no cause of action against appellant. If the defect in the bill complained of were a mere formal defect, the principle contended for would be sound. It is not a mere formal defect, however. The bill simply states no cause of action whatever in favor of appellee against appellant. On the contrary, by express averment, it is shown in the bill that the alleged warranty of soundness of the hay relied on by appellee was a warranty addressed alone to the said J. E. Somers & Co., the purchaser of the hay from appellant, and that appellee was simply a subpurchaser from the said J. E. Somers & Co., without any right to the benefit of such warranty. Where a bill in equity states no cause of action against the defendant, the latter may take advantage of it on appeal, whether the question is raised in the court below or not. This may be done even where a decree *pro confesso* is taken against the defendant, or where the defendant expressly admits in his answer the truth of the allegations of the bill. Where the bill states no cause of action, a final decree on such bill amounts to nothing. It is void. *George v. Soloman,* 71 Miss. 168, 14 So. 531; *Garland* v. *Hull,* 13 Smedes & M. 76, 51 Am. Dec. 140; *Belew* v. *Jones,* 56 Miss. 342.

Reversed, and judgment here for appellant, dismissing appellee's bill.

*Reversed.*