United States Fidelity & Guaranty Co. *v.* Plumbing
Wholesale Co.

(Division B.   March 23, 1936.)

[166 So. 529.   No. 32168.]

**J. A. Covington, Jr.,** of Meridian, for appellant.

Alexander & Satterfield, of Jackson, for appellee.

Argued orally by **John Satterfield**, for appellee.

**Anderson, J.,** delivered the opinion of the court.

The State Hospital Removal Improvement and Land Sale Commission, which for convenience will be referred

to as the hospital board, having charge of the construction of the State Insane Hospital in Rankin county, let three separate contracts to Alonzo B. Hayden, Inc., to do certain construction work and furnish the materials and labor therefor. For the faithful performance of the three contracts three separate bonds were given, with appellant as surety on each of them. Appellee furnished Alonzo B. Hayden, Inc., some of the materials which went into the construction of buildings under each of the contracts; they were not paid for in full. This suit was brought under article 6, "Contracts for Public Work," Code 1930, sections 5971 to 5976, inclusive. The cause was heard on original bill, demurrer, and plea and answer, by consent, resulting in a decree in appellee's favor, from which this appeal was granted to settle the principles of the cause.

Section 5971, Code 1930, is in this language: "Any person entering into a formal contract with this state, any county thereof, municipality therein, or any political subdivision whatsoever, therein, for the construction of any building or work or the doing of repairs, shall be required before commencing same to execute the usual bond, with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying labor or material therefor; and any person who has furnished labor or materials used therein and wherefor payment has not been made, shall have the right to intervene and be made a party to any action instituted on such bond, and to have their rights adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claim and judgment of the obligee. If the full amount of the liability of the surety thereof is insufficient to pay the full amount of said claims and demands; then, after paying the full amount due the obligee, the remainder shall be distributed pro rata among said intervenors. The bond herein provided for

may be made by any surety company authorized to do business in the state of Mississippi.''

Section 5972 provides that, if no suit should be brought by the obligee within six months from the completion and final settlement of the contract, then any person supplying labor or materials shall, upon application and furnishing affidavit to the obligee that such labor or materials have been supplied and that payment therefor has not been made, be furnished with a certified copy of the contract and bond upon which he shall have a right of action for his use and benefit against the contractor and surety. Section 5973 provides that such suits shall not be commenced until after the complete performance of the contract and final settlement, and within one year thereafter and not later; provided that, if the contractor quits or abandons the contract before its completion, suit may be instituted by such person on the bond within one year after such abandonment and not later. ''But said time for the institution of said action shall not begin to run until the obligee shall have made said final settlement or determined said abandonment and published notice thereof in some newspaper published in said county, or if there be none then in some newspaper having a general circulation therein.'' Section 5974 provides that only one suit shall be brought, and any person entitled to sue may, upon application, intervene and be made a party, provided such intervention occurs within the time limited for the bringing of the original suit. Section 5976 provides that notice of the pendency of such suits shall be made by publication in some newspaper of general circulation published in the county or town where the contract was performed, and, if there be no such paper, then in a newspaper having a general circulation therein, for at least three weeks, the last publication to be one week before the trial of the cause; that in all such suits parties interested shall be summoned as provided by section 2264, Code 1930.

The bill alleges that the contracts involved were abandoned before the completion of the work, and that such abandonment was determined by the hospital board on February 25, 1935, and notice of such was published in a newspaper of general circulation in the county where the work was done on March 7, 1935; that no suit had been brought by the hospital board, the obligee in the bonds; that appellee therefore had the right to bring the suit, and had caused the statutory publication of its pendency to be made; that the contractor, Alonzo B. Hayden, Inc., treated all three of his contracts as one project; that the materials furnished by appellee were delivered to a common office or storeroom maintained by the contractor, out of which they were drawn indiscriminately; that appellee had no knowledge of what proportion of the materials were used under any particular contract; that numerous persons, partnerships, and corporations furnished the contractor labor and materials that went into buildings under the three contracts; that many or all of them had not been paid in full for such labor and materials; that it had been impossible for appellee to ascertain what proportion of materials furnished by it went into each of the contracts, that knowledge being in the possession of the contractor alone; that it had the right of action in one suit on all three of the bonds and for discovery of how much is due it under each bond.

Appellant demurred to the bill upon the ground that it was multifarious; that there was a misjoinder of three separate and distinct causes of action upon three separate contracts; that appellee was required to bring a separate suit upon each contract. Appellant filed an answer with its demurrer denying the material allegations of the bill, and filed therewith a separate plea setting up that the court had no jurisdiction, for the reason that this was a second suit upon the identical contracts and bonds; that the original suit thereon was filed

by one R. F. Pittman in the chancery court of Lauderdale county; that publication was duly made of the pendency of the suit; that the cause was duly heard by the chancery court of that county and final judgment entered in favor of the complainant. A certified copy of all the pleadings, proceedings, and judgment in that cause was made an exhibit to the plea. Appellant alleged that therefore under the law appellee was precluded from maintaining this suit because it had declined to intervene in that suit. Counsel stipulated in the record that the cause might be heard on the bill, demurrer, answer, plea, and exhibit in order to settle the principles of the cause. It was accordingly heard, resulting in a decree for appellee.

It will be observed that the statute provides for only one suit against the surety to which all those interested shall be made parties, and the manner of making them parties is also provided by the statute.

The question is whether the Lauderdale county judgment is res judicata as to appellee. That judgment was rendered on the 21st day of January, 1935, and is in this language:

"Upon this cause coming on for a hearing, there appeared the original suitor, R. F. Pittman and the defendant. No other person appeared or made application to be permitted to intervene.

"The court examined the statutory notice of the pending of the suit and the proof of publication thereof and finding same to have been duly and legally made, directing that the hearing proceed.

"Whereupon, the original suitor and the defendant consented that decree be entered awarding the original suitor, R. F. Pittman the sum of $255.90.

"It is therefore ordered that final decree now be entered disposing of the entire litigation and precluding all persons interested from now intervening herein and that the original suitor, R. F. Pittman, recover judg-

ment of the defendant in the sum of $255.90 and all costs for which let execution issue."

In that case the bill alleged that the contractor, Alonzo B. Hayden, Inc., abandoned his contracts before their completion, that no final settlement therefor had ever been made by the hospital board, "and no notice of settlement or abandonment thereof has ever been published as provided by section 5973 of the Miss. Code of 1930." The question involved is whether the Lauderdale county proceedings and judgment are void on their face. We think that question must be answered in the affirmative, for the following reasons: As a condition precedent to the right of a laborer or materialman to bring suit against the surety, two things must have happened, either a final settlement of the contract and the publication thereof in a newspaper published in the county, and, if there be none, then in some newspaper having a general circulation therein, or an abandonment of the contract and such a publication thereof. The time set is not alone a statute of limitation; it confers a cause of action against the surety where none existed before. Unless one of those things had happened and publication thereof had been made, no cause of action accrued. The publication of the settlement or abandonment is just as essential as the fact of the settlement or abandonment. One of the main features of the statute was to prevent a multiplicity of suits—to bring all interested parties into one proceeding.

In the present case the statute was complied with in all respects. In the Lauderdale county case, as above stated, the publication of settlement or abandonment had not been made. Such a publication is a part of the procedure provided by the statute for giving those interested notice to intervene and have their claims adjudicated. In other words, it is part of the process to bring them into court and is an essential part.

Marquette Cement Manufacturing Company v. Fidelity & Deposit Company, 173 Miss. 164, 158 So. 924, held that, where there was a settlement of the contract, the statute did not begin to run until the publication thereof had been made as provided in section 5973. The same reasoning applies to abandonment. The publication of the notice of the pendency of the suit, provided by section 5976, is not alone sufficient; it takes that, and before that takes place there must be the publication of the completion or abandonment of the contract; one is just as essential as the other.

It follows from these views that the Lauderdale county judgment is void. The bill not only failed to state a case entitling Pittman to recover, but it stated the contrary—that the publication of settlement or abandonment had not been made as required by the statute. There could be no valid judgment on such a bill; it failed to state a cause of action. A judgment rendered on a bill or declaration that states no cause of action is void. Carrier Lumber & Mfg. Co. v. Quitman County, 156 Miss. 396, 124 So. 437, 125 So. 416, 66 A. L. R. 614; Smith v. Deas, 158 Miss. 111, 130 So. 105; Pease & Dwyer Co. v. Somers Planting Co., 130 Miss. 147, 93 So. 673.

Appellant relies largely on Marquette Cement Manufacturing Co. v. Fidelity & Deposit Co., supra, to sustain its contention that the chancery court was without jurisdiction. In that case there were eleven separate and distinct street paving contracts between the city of Holly Springs and one Rowan. Rowan executed a separate bond for the faithful performance of each contract; on one of them the Home Accident & Indemnity Company was the surety; on another the Fidelity & Deposit Company; and the surety on all the others was the New Amsterdam Casualty Company. It was alleged in the bill what proportion of the materials furnished went into each of the eleven contracts; one suit was brought against the sureties on all eleven of the contracts. There was

no ground for discovery in that case, and none was sought. That is not true of this case; here we have three separate contracts and one contractor with the same surety on all three of the bonds. The materials furnished by appellee went indiscriminately into all three of the contracts; appellee was unable to ascertain how much went into each, and, under the statute, that was an important element in the case. The rights of others were affected by it. Appellee sought to discover the facts in reference thereto.

We are of opinion that a court of equity had jurisdiction; that a law court would be wholly inadequate to administer full and complete justice.

Affirmed and remanded.